%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sung D. Lee and Susie Lee, h/w
22 East Church Road
Elkins Park, PA 19027

**(b)** County of Residence of First Listed Plaintiff   **Montgomery County PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph D. Lento, Esquire PO Box 506, Narberth, PA 19072 (215) 535-3686

## DEFENDANTS
Super King Sauna, NJ, LLC, King Sauna, King Spa & Fitness and Yoon Jung Park, individually and d/b/a King Sauna and King Spa &Fitness, 321 Commercial Avenue, Palisades Park, NJ 07650

County of Residence of First Listed Defendant   **Bergen County, NJ**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☒ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sec 1332 (Diversity / Damages in excess of $75,000)
Brief description of cause:
premises slip and fall

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** in excess of $150000   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE Gene E.K. Porter   DOCKET NUMBER USDC (ED PA) No. 11-cv-2710

DATE 8/5/2011

SIGNATURE OF ATTORNEY OF RECORD
Joseph D. Lento, Esquire  *Joseph D Lento*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
OF NEW JERSEY

| | | |
|---|---|---|
| SUNG D. LEE AND SUSIE LEE, H/W<br>22 EAST CHURCH ROAD<br>ELKINS PARK, PA 19027 | : <br> : <br> : <br> : | CIVIL ACTION |
| VS. | : <br> : | |
| SUPER KING SAUNA NJ, LLC<br>321 COMMERCIAL AVENUE<br>PALISADES PARK, NJ 07650<br>    AND<br>KING SAUNA<br>321 COMMERCIAL AVENUE<br>PALISADES PARK, NJ 07650<br>    AND<br>KING SPA & FITNESS<br>321 COMMERCIAL AVENUE<br>PALISADES PARK, NJ 07650<br>    AND<br>YOON JUNG PARK, INDIVIDUALLY AND<br>D/B/A KING SAUNA AND KING SPA & FITNESS<br>321 COMMERCIAL AVENUE<br>PALISADES PARK, NJ 07650 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. |

## COMPLAINT - CIVIL ACTION

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. sec. 1332 (diversity of citizenship) and the amount of controversy in this matter is in excess of $75,000, exclusive of interest and costs.

2. Venue is proper in the District pursuant to 28 U.S. C. sec. 1391 because: (1) defendants regularly conduct business in this judicial district; (2) a transaction or occurrence out of which the cause of action arose occurred in this judicial district.

### THE PARTIES

3. Plaintiff Sung D. Lee is an adult individual who resides at 22 East Church Road, Elkins Park, PA 19027.

4. Plaintiff Susie Lee is an adult individual who resides at 22 East Church Road,

Elkins Park, PA 19027.

5. Defendant Super King Sauna NJ, LLC is a duly authorized corporation in the State of New Jersey with a principal place of business at 321 Commercial Avenue, Palisades Park, NJ 07650.

6. Defendant King Sauna is a health club and entertainment facility that is owned, possessed, managed, controlled or operated by Super King Sauna NJ, LLC. At all material times, King Sauna operated a fitness and day spa with a principal place of business located at 321 Commercial Avenue, Palisades Park, NJ 07650.

7. Defendant King Spa & Fitness is a health club and entertainment facility that is owned, possessed, managed, controlled or operated by Super King Sauna NJ, LLC. At all material times, King Sauna operated a day spa with a principal place of business located at 321 Commercial Avenue, Palisades Park, NJ 07650.

8. Defendant Yoon Jung Park is the owner and sole member of Super King Sauna NJ, LLC and is responsible for the management, operation and oversight of the facilities known as King Spa and Fitness and King Sauna.

## FACTS

9. On August 6, 2009, Plaintiff Sung D. Lee was a customer at the King Sauna a/k/a the King Sauna Spa and Fitness at which time he slipped and fell on a liquid substance located on the floor which caused him serious personal injuries which are more particularly described below.

10. At all material times, Plaintiffs were business invitees of the Defendants at the King Sauna a/k/a the King Sauna Spa and Fitness.

11. At all material times, each of the Defendants, jointly or severally, acted by and through their agents, servants, workmen and employees, who at all times acted within the course and

scope of their agency and employment.

12. The liquid on the floor of the spa created a dangerous and hazardous condition on the premises.

13. At all material times, each of the Defendants, jointly or severally, were under a duty to keep and maintain the floors and property of their facility in a reasonably safe condition for use by the public, as well as for public and pedestrian travel and for use by those lawfully and foreseeably on said property.

14. The aforementioned dangerous and defective condition existing upon the property constituted a public nuisance and hazard to persons lawfully on the premises.

15. The aforementioned dangerous and defective condition of the floor of the facility existed for some time prior to this accident.

16. Each of the Defendants, solely or jointly had actual or constructive notice and knowledge of the aforementioned dangerous condition existing on their property. Despite such notice or knowledge the Defendants failed to remedy, correct or warn of such dangerous conditions.

17. Plaintiff had no prior notice or knowledge of the aforementioned dangerous and defective condition(s) existing upon the floor of the spa and fitness center.

18. As a direct and proximate result of the aforesaid negligence of the Defendant, Plaintiff, Sung D. Lee, sustained severe and permanent injuries to his body by reasons of which he was rendered sick, sore, lame and disordered. Particularly, the Plaintiff, Sung D. Lee, suffered *inter alia* severe and permanent injuries to his head, neck, shoulders and arms, including but not limited to left elbow dislocation with type II coronoid fracture, left elbow cubital tunnel syndrome and left shoulder subacromial impingement syndrome.

19. As a result of the defendants negligence herein, plaintiff has and probably will in the future be hindered from attending and performing his usual duties and activities and recreational social pursuits.

20. By reason of the aforementioned negligence and carelessness, Plaintiff suffered great pain and agony which prevented him from attending to his usual and daily activities, occupations, and duties, all to his great financial detriment.

21. Further, as a result of said accident, Plaintiff has undergone great physical pain as well as mental anguish, inconvenience, pain, suffering, humiliation and embarrassment, and will continue to endure the same for an indefinite time into the future, all to his great detriment and loss.

22. As a further result thereof, Plaintiff has been obliged to expend various and divers sums of money for medicine, hospitalization, medical care and treatment in and about an effort to cure himself of the ills and injuries he has suffered, and has also been required to expend sums of money for care and nursing care, and will be obliged to do so in the future, all to his great financial detriment.

23. As a further result of the wrongful conduct set forth herein, Plaintiff has suffered a loss and depreciation of his earnings and earning capacity and will continue to suffer such loss and depreciation for an indefinite time into the future, all to his great detriment.

24. As a further result of the wrongful conduct set forth herein, Plaintiff has been extremely inconvenienced and unable to attend to her life's daily activities as well as having been deprived of life's pleasures, and will continue to suffer the same for an indefinite time into the future, all to his great detriment and loss.

25. As a further direct and proximate cause of the aforementioned negligence or

carelessness, Plaintiff has suffered other losses and damages both monetary and non-monetary for which he is entitled to recover.

26. Plaintiff's injuries and damages were caused solely by the negligence of Defendant, jointly or severally, by and through their agents, servants, workmen or employees, and not by any negligence of Plaintiff.

## COUNT I - NEGLIGENCE

27. Plaintiffs hereby incorporate paragraphs one (1) through twenty six (26) of Plaintiffs' complaint as fully as though same was set forth herein at length.

28. Each of the Defendants, jointly or severally, by and through their workmen, servants, agents or employees were negligent in permitting and allowing the floor of the spa and fitness center to be and remain in the condition which existed at and before the time of this accident and in failing to give warning or notice of said condition.

29. Each of the Defendants, jointly or severally, were under a duty to keep and maintain said premises and the floor of the spa and fitness center in a reasonably safe condition for Plaintiff and others.

30. Defendants, jointly or severally, knew or should have known of the hazardous and dangerous condition existing on the property by virtue of the condition(s) described hereinabove;

31. The accident herein described resulted solely and exclusively from the negligence and carelessness of the Defendants, jointly or severally, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

32. The aforementioned dangerous condition existing on the floor of the spa and fitnes center created a reasonably foreseeable risk of the kind of injury which was suffered by the Plaintiff.

33. The accident giving rise to this lawsuit was caused by the negligence or carelessness of the Defendants, jointly or severally and consisted of, inter alia:

(a) Failure to properly maintain said floor of the spa and fitness center;

(b) Failure to make proper and adequate inspection of the premises and the floor;

(c) Failure to warn its invitees in general and the Plaintiff in particular of the existence of the dangerous condition on the floor;

(d) Failed to place or position signs or other warning devised to call the unsafe condition of the floor to the attention of its invitees in general and the Plaintiff in particular;

(e) Failed to place mats, rugs or towels down on the floor to absorb the moisture and pool of liquid that was allowed to accumulate on the floor of the spa and fitness center;

(f) Maintaining and creating a dangerous condition;

(g) Allowed the floor of the spa and fitness center to be, become and remain in an unreasonably dangerous and hazardous condition;

(h) Failed to present its invitees in general and Plaintiff in particular with reliable clues as to the unsafe condition of the floor of the spa and fitness center and the danger it presented;

(i) Violated safe and accepted operation practices and procedures;

(j) Violated appropriate practices and procedures for the maintenance of its floor in a retail setting;

(k) Failed to use due care and caution under the circumstances;

(l) acting without due regard for the rights and safety and position of the Plaintiffs and being otherwise guilty of negligence and carelessness;

(m) negligently, carelessly and recklessly failed to take adequate and reasonable measures

to assure that their employees performed their jobs in a reasonable, safe and careful manner;

(n) negligently, carelessly and recklessly failed to adequately supervise, direct and control their agent, servant, workman or employee while they acted in the course and scope of their employment;

(o) negligently, carelessly and recklessly hired its agent, servant, workman or employee; and

(p) is liable for the negligence of its agent, servant, workman or employee under the doctrine of respondeat superior;

(q) Such other negligence as may be yet discovered.

Each of said acts and omissions, taken singly or collectively, directly and proximately caused Plaintiff's injuries.

34. The accident herein described resulted solely and exclusively from the negligence and carelessness of the Defendants, jointly or severally, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

WHEREFORE, Plaintiffs, Sung D. Lee and Susie Lee, demand judgment against defendants, jointly or severally, for such sums as would reasonably and properly compensate them, together with interest and costs of suit, and other such relief as this Court shall deem equitable and just in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

## COUNT II - LOSS OF CONSORTIUM

35. Plaintiff, Susie Lee, incorporates by reference paragraphs one (1) through thirty four (34) of this complaint with the same force and effect as if set forth at length.

36. Plaintiff, Susie Lee and Sung D. Lee are husband and wife.

37. As a result of the injuries to her husband, plaintiff has been and/or may be compelled to expend monies for medical aid, medicines and the like in an effort to cure him.

38. As a result of the injuries to her husband, plaintiff has been and/or will be deprived of her husband's aid, comfort, society, companionship and affection.

39. As a direct and proximate result of the injuries to her husband, plaintiff has suffered and/or continues to suffer from her husband's loss of earnings and/or loss of earning capacity and/or may in the future suffer from his loss of earnings and/or earning capacity.

WHEREFORE, Plaintiff, Susie Lee, demands judgment against Defendants, jointly or severally, for such sums as would reasonably and properly compensate her, together with interest and costs of suit, and other such relief as this Court shall deem equitable and just in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

BY: _____
JOSEPH D. LENTO, ESQUIRE
ID NO.: 208824
*Attorney for Sung D. Lee and Susie Lee, h/w*
PO Box 506
Narberth, PA 19072
(215) 535-3686 / FAX: (267) 639-6316